**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN MUNEEM KUMAR,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 08-73953<br><br>Agency No. A44-955-847<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges

    Ivan Muneem Kumar, a native and citizen of Fiji, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

We reject the government's contention that we lack jurisdiction to review Kumar's petition for review. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1075 (9th Cir. 2008) (the jurisdiction-stripping provision found at 8 U.S.C. 1252(a)(2)(C) only applies to removal orders, not to applications for asylum withholding of removal or CAT relief).

Substantial evidence supports the IJ's determination that Kumar did not suffer past persecution based on the harms to his family members in Fiji. *See Wakkary v. Holder*, 558 F.3d at 1060 (petitioner must demonstrate harms to family were part of a pattern of persecution closely tied to petitioner to make a successful showing of past persecution). Substantial evidence also supports the IJ's conclusion that the harms to Kumar's family and the country conditions fail to demonstrate an objective well-founded fear of future persecution. *See Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991); *see also Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Accordingly, Kumar's asylum claim fails.

08-73953

Because Kumar does not have a well-founded fear of persecution, it necessarily follows that he fails to satisfy the more stringent standard for withholding of removal. *See Arriaga-Barrientos v. INS*, 937 F.2d at 415.

Substantial evidence also supports the IJ's determination that Kumar failed to show it is more likely than not he will be tortured if returned to Fiji. *See Wakkary,* 558 F.3d at 1067-68.

The BIA did not abuse its discretion in denying humanitarian asylum where Kumar failed to show sufficiently severe past persecution or a reasonable possibility of other serious harm upon removal to Fiji. *See* 8 C.F.R. § 1208.13(b)(1)(iii); *see also Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000).

We reject Kumar's contention that the IJ failed to consider all of his evidence because Kumar has not overcome the presumption that the IJ reviewed his supplemental evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000).

Finally, Kumar's remaining contentions that the IJ applied an improper standard when evaluating his asylum claim, and that the IJ was rushed and biased during the hearing are belied by the record.

**PETITION FOR REVIEW DENIED.**

08-73953